UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**TIMOTHY SMITH,**

*Plaintiff,*

v.

**CLARITY SERVICES, INC.,**

*Defendant.*

Case No. 3:24-cv-01268

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, TIMOTHY SMITH ("Mr. Smith"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("Clarity"), and in furtherance thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Smith against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendant is subject to this Court's jurisdiction pursuant to section 48.193(1)(a)(1), *Florida Statutes* and Fed. R. Civ. P. 4(k).

Page **1** of **14**

4. Venue is proper in the Middle District of Florida because the Defendant committed and/or caused the acts of which Mr. Smith complains in Columbia County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Smith

5. Mr. Smith is a natural person over the age of eighteen (18) residing in Lake City, Columbia County, Florida.

6. Mr. Smith is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## **FACTUAL ALLEGATIONS**

### **Clarity's Inaccurate Consumer Reports Regarding Mr. Smith**

10. Clarity began maintaining a credit file on Mr. Smith in or prior to the year 2020.

11. Clarity programmed its systems to include as much information about consumers as possible, with little regard to the quality or truthfulness of the data.

12. For example, on April 26, 2023, Clarity incorporated a Florida Driver's license number fifteen (15) digits long and ending in "BFBE" into its file on Mr. Smith.

13. This information could not possibly have been correct as the nomenclature for Florida driver's licenses dictates all license numbers end in digits, not letters, and contain exactly thirteen (13) characters.

14. Likewise, on or about May 29, 2021, Clarity incorporated a "Net Monthly Income" of "$0.00" into its file on Mr. Smith.

15. The "$0.00" value is a placeholder that Clarity's systems insert automatically when a data furnisher fails to provide a person's net monthly income.

16. In other words, when data furnishers supply reports with missing information to Clarity, rather than ask for clarification or implement a policy that simply excludes the incomplete data, Clarity simply makes up data and inserts it into the credit file.

17. Clarity's file on Mr. Smith also included a "Net Monthly Income" of thirty-five-thousand ($35,000) dollars.

18. The $35,000 *monthly* net income was reported to Clarity a mere two weeks after Clarity added the $0 net monthly income to its file on Mr. Smith.

19. Thus, per Clarity, Mr. Smith went from unemployed to making $420,000/year in two weeks.

20. The wild disparity in reported income amounts is largely due to the fact Clarity maintains few, if any, data standardization metrics or polices, resulting in data furnishers often reporting a value which is *weekly* or *yearly* income, which Clarity then lists under "monthly" income.

21. Clarity incorporated "0 Months" into its file on Mr. Smith on July 1, 2020, under the header "Months at Employer."

22. As with listing "$0.00" under Net Monthly Income, the "0 Months" is placeholder data Clarity's systems automatically insert when the data furnisher does not supply a value.

23. Clarity's records establish that it sold at least seventy (70) reports regarding Mr. Smith in the past two (2) years, each of which included the errant Driver's License, Net Monthly Income, and Months at Employer.

24. At no point did Clarity disclose to the end users of its reports on Mr. Smith that datapoints like "0.00" and "0 Months" were mere placeholders.

25. As a result of Clarity's errant reports, Mr. Smith was unable to obtain a personal loan.

26. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

27. While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

28. Indeed, Clarity frequently reports lengths of employment and residential history that exceed one million years, in addition to other clearly false information.

29. The FCRA is clear in its requirement that, as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report**. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

30. The FCRA required Clarity to follow reasonable procedures to assure the maximum possible accuracy of the information Clarity reported concerning Mr. Smith.

31. Clarity's inclusion of placeholder data, and data which is literally impossible, violated this requirement.

### Clarity's October 28, 2024, Disclosure to Mr. Smith

32. On or about October 28, 2024, Mr. Smith requested his consumer credit disclosure from Clarity.

33. Upon receipt of Mr. Smith's request, Clarity was required to disclose all information "clearly and accurately" in Mr. Smith's file at the time of his request, including the identity of each person who obtained a consumer report from Clarity within the prior year for any purpose. If a reseller procured the report, "person" would include an end-user. *See* 15 U.S.C. § 1681g(a)(3)(A)(ii).

34. The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

35. Frequently, Clarity fails to fulfill its legal obligations regarding disclosure of this data, as it provides incomprehensible combinations of letters as the purported end-user of its consumer reports.

36. For example, Clarity disclosed a hard inquiry made on October 19, 2023 as such:

| Date/Time/Tracking # | Purpose | Type | Company |
| --- | --- | --- | --- |
| 9/27/2024 6:49:27 am EDT wbw0xz0cqt | Credit Application | Online Installment Loan | Uprova Credit/Habemco/ULPS |

37. In essence, Clarity disclosed three (3) different persons supposedly all making a single credit inquiry, without indicating which entity or entities actually requested the report.

38. Clarity disclosed two (2) of these entities – Habemco and ULPS – using abbreviations or shortened names that no reasonable consumer would understand.

39. Clarity provided no address, phone number, or other information regarding the inquiry.

40. Clarity also disclosed the aforementioned false Driver's License; however, it redacted 11 of the 15 digits.

41. The fact it redacted the driver's license number indicates that Clarity questioned if the information was actually associated with Mr. Smith.

42. Beyond this, nothing in the FCRA permits a data furnisher to redact driver's license information from a consumer disclosure when the consumer did not request such redaction, as was the case with Mr. Smith.

43. As a result of Clarity's actions, Mr. Smith has suffered damage, including wasted time, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

44. Clarity has also denied Mr. Smith information to which he is legally entitled, i.e., the identity of the end-user of his consumer reports.

45. Mr. Smith has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

### COUNT I
### CLARITY'S WILLFUL VIOLATIONS OF THE
### FCRA,15 U.S.C. § 1681e(b)

46. Mr. Smith adopts and incorporates Paragraphs 1 – 45 as if fully restated herein.

47.     Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer it reports sold regarding Mr. Smith, as it sold multiple consumer reports containing placeholder income and employment information and a driver's license number which could not possibly exist.

48.     Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with impossible or made-up information.

49.     Clarity's conduct was thus willful, or done with a reckless disregard for Mr. Smith's rights under the FCRA.

50.     As a result of its conduct, Clarity is liable to Mr. Smith for the greater of Mr. Smith's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Smith respectfully requests this Honorable Court enter judgment against Clarity for:

a.  The greater of Mr. Smith's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

51. Mr. Smith adopts and incorporates Paragraphs 1 – 45 as if fully stated herein and strictly pled in the alternative to Count I.

52. Clarity owed Mr. Smith a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Smith.

53. Clarity breached this duty when it sold multiple consumer reports containing placeholder income and employment information and a driver's license number which could not possibly exist.

54. Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b). As a result, Mr. Smith is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Smith respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

55. Mr. Smith adopts and incorporates Paragraphs 1 - 45 as if fully stated herein.

56. Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Mr. Smith's consumer report during the one-year period preceding the date on which the request was made.

57. Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose the end-users of its consumer reports.

58. Clarity's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

59. As a result of its conduct, Clarity is liable to Mr. Smith for the greater of Mr. Smith's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Smith respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    The greater of Mr. Smith's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

### COUNT IV
### CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)
**(Pled in the alternative to Count III)**

60.    Mr. Smith adopts and incorporates Paragraphs 1 - 45 as if fully restated herein and strictly pled in the alternative to Count III.

61.    Clarity owed Mr. Smith a legal duty to disclose the identity of each user that obtained his consumer report within one year of Mr. Smith's request.

62.    Clarity breached this duty when it failed to identify each person, including the end-user, when applicable, that procured Mr. Smith's consumer report during the one-year period preceding the date on which the request was made.

63.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Mr. Smith is thus entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Smith respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Mr. Smith's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT V
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(1)

64. Mr. Smith adopts and incorporates Paragraphs 1 - 45 as if fully restated herein.

65. Clarity violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all information in its file on Mr. Smith, upon his request, as it redacted his Driver's License numbers.

66. Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose this information.

67. Clarity's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

68. As a result of its conduct, Clarity is liable to Mr. Smith pursuant to the FCRA for the greater of Mr. Smith's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Smith respectfully requests this Honorable Court enter judgment against Clarity for:

    a. The greater of Mr. Smith's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT VI
### CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)
**(Pled in the alternative to Count V)**

69. Mr. Smith adopts and incorporates Paragraphs 1 - 45 as if fully Restated herein and strictly pled in the alternative to Count V.

70. Clarity owed Mr. Smith a legal duty to accurately disclose all information in its file upon request by Mr. Smith.

71. Clarity breached this duty when it provided only a redacted version of a purported 15-digit Florida driver's license number Mr. Smith obtained.

72. Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(1), and Mr. Smith is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Smith respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Mr. Smith's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on December 9, 2024, by:

                      **SERAPH LEGAL, P. A.**

                      */s/ Megan A. Rosenberg*
                      Megan A. Rosenberg, Esq.
                      Florida Bar No.: 1005213
                      MRosenberg@seraphlegal.com
                      2124 W. Kennedy Blvd., Suite A
                      Tampa, FL 33606
                      Tel: 813-567-1230 (Ext. 404)
                      Fax: 855-500-0705
                      *Counsel for Plaintiff*